IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROFORM FINISHING PRODUCTS, LLC *d/b/a National Gypsum Company formerly known as* New NGC, Inc., and GOLD BOND BUILDING PRODUCTS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ALPINEBAY, INC.,<br><br>    Defendant. | No. 19-cv-03978<br><br>Judge John F. Kness |

**ORDER**

Plaintiffs' motions in limine Nos. 4, 5, and 7 are granted. See accompanying Statement for details.

**STATEMENT**

Plaintiffs' motion in limine No. 4 (Dkt. 161) seeks to exclude testimony of Defendant's expert, Scott Hampton, regarding an opinion as to disgorgement of profits. Plaintiffs' motion in limine No. 5 (Dkt. 162) seeks to preclude Defendant from eliciting testimony from Hampton generally. Plaintiffs' motion in limine No. 7 (Dkt. 164) seeks to preclude Defendant from offering evidence or testimony regarding consumer surveys and reports prepared by nonparty Alan Newman Research: Market Research Consultants ("ANR").

In Plaintiffs' Motion in Limine No. 4 (Dkt. 161), Plaintiffs argue that the Lanham Act provides disgorgement as one type of monetary remedy available for trademark infringement. 15 U.S.C. § 1117(a). According to Plaintiffs, allowing Hampton to testify that disgorgement is "not appropriate" or not "fair" is contrary to the law and inappropriate testimony from an expert witness. Plaintiffs also contend that, under the Lanham Act, "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). Accordingly, Plaintiffs contend that Hampton should be precluded from testifying that Plaintiff must show lost sales as a result of the alleged infringement because such testimony is contrary to the law and inappropriate

testimony from an expert witness. Defendant counters that the Lanham Act provides that the remedies available to Plaintiff are "subject to the principles of equity." 15 U.S.C. § 1117(a). Defendant argues that, because Plaintiff is not automatically entitled to Defendant's profits during the relevant period, Hampton should be allowed to testify as to whether disgorgement is appropriate in this case.

The Lanham Act provides that a successful plaintiff "shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Defendant interprets the phrase "subject to the principles of equity" to permit Hampton to testify as to whether disgorgement of profits—itself an equitable remedy—is appropriate in this case. The Supreme Court has cited treatises and its own precedents interpreting the phrase "principles of equity" to mean "transsubstantive guidance on broad and fundamental questions about matters like parties, modes of proof, defenses, and remedies." *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1496 (2020). The *Romag Fasteners* Court even identified another section of the Lanham Act itself listing "laches, estoppel, and acquiescence" as examples of "equitable principles." *Id.* (citing 15 U.S.C. § 1069). But the Court also noted that, given these broad, transsubstantive principles, "it seems a little unlikely Congress meant 'principles of equity' to direct us to a narrow rule about a profits remedy within trademark law." *Id.*

Although the scope of "the principles of equity" as used in the Lanham Act is not entirely clear, the Court is not required to resolve this sweeping inquiry in Plaintiff's Motion in Limine No. 4. Rather, the motion in limine presents the much narrower issue whether to allow Hampton to testify as to the appropriateness of disgorgement of profits. The Court finds that, if Hampton testified as to whether the remedy of disgorgement is appropriate or fair, he would testify as to a legal conclusion, which extends beyond the scope of permissible expert testimony. *See Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (reiterating rule that "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."). Hampton has been retained to provide expert testimony as to calculating damages, in part to rebut the damages calculations of Plaintiff's expert, Justin Lewis. Accordingly, Hampton may give opinion testimony as to proper calculation methodology, whether Lewis adhered to such methodology in his calculations, and the like. But testifying as to proper remedies awarded by the factfinder exceeds the scope of expert testimony. *See* 15 U.S.C. § 1117(a) ("The *court* shall assess such profits and damages or cause the same to be assessed under its direction.") (emphasis added). Put another way, such testimony exceeds whether the damages calculations were executed correctly to whether to award a category of remedy—the equitable remedy of disgorgement—in the first place. Invoking general "principles of equity" cannot justify such legal conclusions. Hampton is therefore barred from testifying as to the "appropriateness" or "fairness" of any remedy.

Plaintiffs also seek to preclude Hampton from testifying that Plaintiffs must show lost sales to be awarded disgorgement of Defendant's profits. Plaintiffs contend that such testimony is contrary to the Lanham Act's requirements and thus will mislead the jury and prejudice Plaintiffs under Rule 403 of the Federal Rules of Evidence. Defendant responds in a similar vein to the arguments above, invoking principles of equity and fairness to permit Hampton's testimony. But the text of the Lanham Act cuts against Defendant's arguments: "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a); *see also BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1093, 1095 (7th Cir. 1994). Allowing Hampton to testify that Plaintiff must show lost sales contradicts the text of Section 1117(a). *See WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) (citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206–07 (1942)) (holding burden is on *infringer* to show costs and profits). Hampton is therefore barred from testifying, contrary to law, that Plaintiff must show lost profits to be awarded the equitable remedy of disgorgement. Accordingly, Plaintiff's Motion in Limine No. 4 (Dkt. 161) is granted.

In Plaintiff's Motion in Limine No. 5 (Dkt. 162), Plaintiffs seek to preclude Defendant from eliciting testimony from Hampton regarding reasonable royalties as a form of damages. Plaintiffs contend that Hampton, as a rebuttal witness, may only offer rebuttal testimony against what their expert, Justin Lewis, testifies. Plaintiffs argue that, because Plaintiffs have elected not to present Lewis' testimony regarding reasonable royalties as a form of damages at trial, Hampton should be precluded from offering testimony at trial about reasonable royalties. Defendant counters that even though Plaintiffs no longer pursue reasonable royalties, Hampton still be allowed to testify as to disgorgement.

As the Seventh Circuit has held, the "proper function of rebuttal evidence" is "to contradict, impeach, or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (quoting *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001). Because Plaintiffs will not present Lewis' testimony as to reasonable royalties, Hampton has nothing to rebut. Moreover, given the Court's ruling on Plaintiff's Motion in Limine No. 4 rejecting Defendant's argument that the "principles of equity" allow Plaintiff to testify about the appropriateness of disgorgement, Defendant cannot invoke those equitable principles here to save Hampton's testimony as to reasonable royalties. Accordingly, Plaintiff's Motion in Limine No. 5 (Dkt. 162) is granted.

Finally, in Plaintiff's Motion in Limine No. 7 (Dkt. 164), Plaintiffs seek to exclude hearsay evidence regarding ANR's consumer surveys and reports. Plaintiffs argue that the surveys and reports, if offered for the truth of the matters asserted (whether the survey respondents recognized or associated the color PURPLE and color marks with Plaintiffs), constitute inadmissible hearsay. Plaintiffs also argue

3

that the survey responses themselves constitute hearsay within hearsay. Defendant responds that the surveys themselves should fall under the business records exception to the hearsay exclusion rule under Rule 803(6) of the Federal Rules of Evidence and that the consumer responses constitute present sense impressions and statements of the consumers' states of mind under Rules 803(1) and 803(3). Defendant thus contends that hearsay within hearsay is not present.

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is inadmissible unless it qualifies under an exception. Fed. R. Evid. 802. The business records exception allows the admissibility of a business record, even though it is hearsay, if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Defendants argue that the ANR consumer reports satisfy these criteria because James Watts can testify at trial that "Plaintiff relied upon the results for market research and future marketing purposes" and has "confirmed under oath" at his deposition that "the surveys were conducted for Plaintiffs' business use as a regularly conducted business activity." (Dkt. 173 at 3.) But Defendant does not proceed systematically through all five criteria of the business record exception; rather, Defendant merely includes Watts's deposition testimony and concludes that his testimony is sufficient for the ANR consumer surveys to be admissible. But Defendant conflates the surveys' *creation* by ANR with their *possession* by Plaintiffs—these are not Plaintiffs' business records but rather ANR's. Defendant has not demonstrated under Rule 803(6) that ANR kept these surveys in the course of a regularly conducted activity and that ANR was in the regular practice of making such records.

Because Defendant fails to situate the surveys within the business records exception to hearsay inadmissibility, the surveys are inadmissible. The Court need not reach whether the statements made in the surveys qualify as present sense

impressions or statements of the respondents' states of mind. Accordingly, Plaintiff's Motion in Limine No. 7 (Dkt. 164) is granted.

SO ORDERED in No. 19-cv-03978.

Date: March 31, 2023

JOHN F. KNESS
United States District Judge

5