IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROFORM FINISHING PRODUCTS, LLC *d/b/a National Gypsum Company formerly known as New NGC, Inc.*, and GOLD BOND BUILDING PRODUCTS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ALPINEBAY, INC.,<br><br>    Defendant. | No. 19-cv-03978<br><br>Judge John F. Kness |

## ORDER

Defendant's motion for reconsideration (Dkt. 198) is granted in part.

On March 31, 2023, the Court granted Plaintiffs' motion in limine No. 4, precluding Defendant's rebuttal expert, Scott Hampton, from testifying that disgorgement is "not appropriate" or not "fair" as a remedy in this case. (Dkt. 191 at 1–3.) In the same order, the Court granted Plaintiffs' motion in limine No. 5, precluding Hampton from testifying as to reasonable royalties, given that Plaintiffs elected not to elicit testimony from their expert, Justin Lewis, about reasonable royalties. (*Id.* at 3.) Defendant argues that there is daylight between these rulings, meaning that the Court should allow Hampton to rebut Lewis's disgorgement opinion without opining whether disgorgement is "appropriate" or "fair" in the first instance.

As the Seventh Circuit has held, the "proper function of rebuttal evidence" is "to contradict, impeach, or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (quoting *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001)). If Plaintiffs elicit testimony from Lewis about Lewis's disgorgement opinion, Defendant is allowed to elicit testimony from Hampton critiquing Lewis' disgorgement opinion. Such permissible testimony from Hampton could include criticisms of Lewis' disgorgement calculation and the methodology by which Lewis reached that calculation.

This present ruling does not disturb in any way the Court's earlier ruling that Hampton may not testify as to whether disgorgement is "appropriate" or "fair." (Dkt.

191 at 1–3.) Neither may Defendant use Hampton's rebuttal testimony on disgorgement to segue into Hampton offering opinions on royalties or to otherwise discuss those portions of Lewis's report concerning royalties. (Dkt. 191 at 3.) To repeat, Hampton may only testify in rebuttal of Lewis's testimony on disgorgement.

Defendant also appears to ask, if indirectly, for the Court to revisit its ruling at the May 4, 2023 pretrial conference to the effect that "Alpinebay is not permitted to cross-examine [Plaintiff's expert] Mr. Lewis regarding his royalty analysis because Plaintiffs do not intend to pursue that damage theory." (Dkt. 198 at 3.) To the extent Defendant seeks reconsideration of the Court's order limiting the scope of Lewis's cross-examination, the motion is denied. Defendant seeks (*id.* at 3-5) to use the general rule that an expert's report is fair game on cross-examination to bootstrap an exploration of the royalty analysis in Lewis's report. But the scope of cross-examination of any witness is cabined by the scope of the direct examination. If Lewis does not testify concerning royalties, then the royalty portion of Lewis's report is largely irrelevant. To the extent it has any relevance, the probative value of such cross-examination would be so slight as to warrant exclusion under Rule 403 of the Federal Rules of Evidence.

Defendant's motion for reconsideration (Dkt. 198) is thus granted, but only in part.

SO ORDERED in No. 19-cv-03978.

Date: May 11, 2023

                                              JOHN F. KNESS
                                              United States District Judge