IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROFORM FINISHING PRODUCTS, LLC *d/b/a National Gypsum Company formerly known as New NGC, Inc.*, and GOLD BOND BUILDING PRODUCTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ALPINEBAY, INC., <br><br> Defendant. | No. 19-cv-03978 <br><br> Judge John F. Kness |

**ORDER**

Defendant's Proposed Exhibits Nos. 9, 10, and 11 are excluded.

In Defendant's Motion in Limine No. 3, Defendants moved to allow the parties to introduce the parties' products during opening statements and closing arguments. (Dkt. 156.) Plaintiffs opposed Defendant's motion, arguing that allowing the parties to introduce the parties' products during openings and closings would risk permitting a side-by-side comparison, which the Seventh Circuit has held is inappropriate in trademark infringement cases. (Dkt. 168 (citing *Henri's Food Products Co., Inc. v. Kraft, Inc.*, 717 F.2d 352, 355 (7th Cir. 1983).) The Court orally denied Defendant's motion in limine, precluding Defendant from introducing the parties' products during openings and closings. (Dkt. 189.)

As discussed on the record during the pretrial conference held on May 4, 2023, Defendant now seeks to introduce physical specimens of Plaintiffs' products for use during trial. Defendant's Proposed Exhibit No. 9 is a physical specimen of Plaintiffs' drywall board. (Dkt. 196-2 at 3.) Defendant's Proposed Exhibit No. 10 is a physical specimen of Plaintiffs' permabase cement board. (*Id.*) Defendant's Proposed Exhibit No. 11 is a physical specimen of Plaintiffs' all-purpose joint compound. (*Id.*) At the May 4 conference, Plaintiffs argued two main points in objecting to Defendant's proposed exhibits. From a procedural standpoint, Plaintiffs contended that these exhibits still have not been identified and were not properly disclosed as required by the pretrial order and Rule 26(a) of the Federal Rules of Civil Procedure. From a substantive standpoint, Plaintiffs argued that allowing these exhibits at trial invites

the jury to engage in the same side-by-side comparison that the Seventh Circuit rejected in *Henri's Food Products*. In response to Plaintiffs' procedural argument, Defendant noted that the exhibits were already identified at every deposition. In response to Plaintiff's substantive argument, Defendant argued that the court in *Flotec Inc. v. S. Research, Inc.*, 16 F. Supp. 2d 992 (S.D. Ind. 1998), admitted product samples to specifically allow the fact-finder to determine whether the products were similar.

The Seventh Circuit has consistently held that when determining "if two marks are similar, the comparison should be made " 'in light of what happens in the marketplace,' [and] not merely by looking at the two marks side-by-side." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 898–99 (7th Cir. 2001) (quoting *Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1115 (7th Cir. 1997)). The Court shares Plaintiffs' concern that if Defendant presented Proposed Exhibits Nos. 9, 10, and 11, there is too much risk that an impermissible side-by-side comparison would occur in one way, shape, or form. Indeed, it is difficult to imagine how these Exhibits could be used in any way other than a side-by-side manner.

Defendant's citation to *Flotec* is note compelling. First, *Flotec* acknowledged the standard that the "relevant comparison is in the market as a whole." 16 F. Supp. 2d at 1009. That rule is of particular import here. Second, *Flotec* concerned the denial of the plaintiff's motion for a preliminary injunction; it did not deal with trial preparations or whether to admit exhibits in front of a jury.

Admitting Defendant's proposed physical exhibits could also cause logistical problems. From what Defendant has represented, the proposed exhibits are of significant size and dimensions, which would likely disrupt trial flow. The exhibits' size and dimension would also make them difficult to store while not in use. Leaving them in the courtroom could induce the jury to make a subtle side-by-side comparison with Defendant's own products. Conversely, allowing Defendant time during trial to shunt the Exhibits to a side room or the hallway would be disruptive and inefficient.

Excluding Defendant's Proposed Exhibits Nos. 9, 10, and 11 does not leave Defendants bereft of a defense. On the contrary, Plaintiffs—having the burden of persuasion and thus presenting their case-in-chief first—plan to present ample videos of PURPLE products (see Plaintiffs' proposed exhibits 107–135) and images of PUPRLE products (see Plaintiffs' proposed exhibits 137–146). Defendant can use these exhibits, which will already be admitted, when Defendant presents its case-in-chief, to argue to the jury that the relevant products are not confusingly similar.

For these reasons, Defendant's Proposed Exhibits Nos. 9, 10, and 11 are excluded.

SO ORDERED in No. 19-cv-03978.

Date: May 11, 2023

_____
JOHN F. KNESS
United States District Judge

3